UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SHELTON LEVON MCCOTTER,

    Petitioner,

v.                            Case No. 12-C-809

WARDEN MICHAEL BAENEN,

    Respondent.

## SCREENING ORDER

On August 8, 2010, Shelton Levon McCotter filed his petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. Petitioner was convicted in Racine County Circuit Court of third degree sexual assault pursuant to Wis. Stat. § 940.225(1)(a) and was sentenced to 6 years imprisonment. He is currently incarcerated at Green Bay Correctional Institution.

Petitioner filed with his petition a request to proceed *in forma pauperis*. Under Rule 3 of the Rules Governing § 2254 Cases, the petitioner is required to file an affidavit of indigence as required by § 1915. He has done so, and I am satisfied that he lacks sufficient funds to proceed here. Accordingly, his request to proceed without prepayment of costs will be granted.

I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an

> order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer.

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

McCotter claims in his petition that he was not brought to trial within the time allowed under the Interstate Agreement on Detainers (IAD), codified in Wisconsin in section 976.05 of the Wisconsin Statutes. He also claims his attorney provided ineffective assistance of counsel and, as a result, he entered a no contest plea to the charge of third degree sexual assault instead of pursuing his defense under the IAD. Both claims, violation of the IAD and ineffective assistance of counsel, are cognizable under § 2254, and while there may be a question as to whether McCotter properly exhausted his state court remedies and whether the petition is timely, I am unable to determine from the four corners of the petition and the attachments that he is not entitled to relief. Accordingly, the case will proceed.

McCotter has also moved for appointment of counsel. The Criminal Justice Act, 18 U.S.C. § 3006A(a)(2)(B), authorizes a district court to appoint counsel for a petitioner seeking habeas relief under 28 U.S.C. § 2254. Before this is proper, however, this section requires the district court to determine that the appointment of counsel would serve "the interests of justice" and that the petitioner is "financially eligible." *See* 18 U.S.C. § 3006A(a)(2). Appointing counsel for pro se petitioners in habeas corpus cases is a power commended to the discretion of the district court in all but the most extraordinary circumstances. *Winsett v. Washington*, 130 F.3d 269, 281 (7th Cir. 1997).

Here, McCotter's Application to Proceed Without Prepayment of Fees and Affidavit clearly shows that he is financially eligible for appointment. The question is whether appointment of counsel would serve the interests of justice. In determining whether the interests of justice will be served by the appointment of counsel in a habeas case, the court considers the difficulty of the case and the petitioner's ability. It is significant in most habeas cases that the issues raised in federal court must first have been raised and fully considered in state court. *See* 28 U.S.C. § 2254(b)(1)(A). This means that typically, assuming he was represented by counsel in state court proceedings, the petitioner will have the benefit of his previous attorney's briefing on the very same issues he seeks to raise in federal court. The one exception may be where the petitioner is claiming that the attorney or attorneys who represented him/her in the state court proceedings provided ineffective assistance of counsel. That is true of one of the claims McCotter raises here.

Nevertheless, I am not yet convinced that appointment of counsel would serve the interests of justice in this case. McCotter appears from his filings to date to have a sufficient ability to communicate in writing. In addition, I note that review in a habeas case is of the record that already exists. Indeed, it appears from one of the attachments to McCotter's petition that the state filed a brief in the Wisconsin Court of Appeals in support of McCotter's motion for summary reversal of the trial court's decision denying his motion to dismiss the case for failure to commence his trial within the time allowed under the IAD. From this, it would appear there is no need for outside investigation of facts and gathering new evidence. Finally, the issues McCotter has raised in his petition, timeliness under the IAD and ineffective assistance of counsel, do not seem at this point so complex that denying his request would result in a miscarriage of justice. While my appraisal of the complexity of the case and McCotter's ability may change as the matter proceeds, I cannot

3

say at this time that the interests of justice require the appointment of counsel. Accordingly, McCotter's motion will be denied. The denial is without prejudice, however. In the event circumstances change, I will reconsider his request.

**THEREFORE, IT IS ORDERED** that within 30 days of the date of this order respondent shall either file an appropriate motion seeking dismissal or answer the petition, complying with Rule 5 of the Rules Governing § 2254 Cases, and showing cause, if any, why the writ should not issue.

**FURTHER, IT IS ORDERED** that unless respondent files a dispositive motion in lieu of an answer the parties shall abide by the following schedule regarding the filing of briefs on the merits of petitioner's claims: (1) petitioner shall have 45 days following the filing of respondent's answer within which to file his brief in support of his petition; (2) respondent shall have 45 days following the filing of petitioner's initial brief within which to file a brief in opposition; and (3) petitioner shall have 30 days following the filing of respondent's opposition brief within which to file a reply brief, if any.

If respondent files a dispositive motion in lieu of an answer, this briefing schedule will be suspended and the briefing schedule will instead be as follows: (1) petitioner shall have 30 days following the filing of respondent's dispositive motion and supporting initial brief within which to file a brief in opposition; and (2) respondent shall have 15 days following the filing of petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages.

4

**FURTHER, IT IS ORDERED** that petitioner's motion for appointment of counsel is denied without prejudice**.**

**IT IS ALSO ORDERED** that petitioner's motion for leave to proceed without prepayment of fees is **GRANTED**.

Because Petitioner's filings will be electronically scanned and entered on the docket upon receipt by the clerk, Petitioner need not mail to counsel for the respondent copies of documents sent to the Court.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, as well as a Memorandum of Understanding entered into between the Wisconsin Department of Justice and the U.S. District Clerk of Court for the Eastern District of Wisconsin, copies of the petition and this order have been sent via a Notice of Electronic Filing[1] ("NEF") to State of Wisconsin respondent through the Attorney General for the State of Wisconsin through the Criminal Appeals Unit Director and lead secretary. The Department of Justice will inform the Court within 21 days from the date of the NEF of the names of the defendants on whose behalf the Department will not accept service of process, the reason for not accepting service for them, and the last known address of the defendant. The Department of Justice will provide the pleadings to those respondents on whose behalf they have agreed to accept service of process.

Dated this   28th   day of August, 2012.

       s/ William C. Griesbach
       William C. Griesbach
       United States District Judge

---

[1] Any documents not scanned in CM/ECF will have to be sent by the Clerk to the Department in hard copy.

5

Case 1:12-cv-00809-WCG   Filed 08/29/12   Page 5 of 5   Document 10